UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

                                                                       DECISION AND ORDER

                                                                         04-CR-6156L

                                v.

KALVIN PETERSON,

                                    Defendant.
_____

       The Court referred all pretrial motions in this case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Defendant, Kalvin Peterson ("Peterson"), has moved to suppress physical evidence seized in connection with the execution of a search warrant at 294 Chili Avenue, Rochester, New York on September 4, 2003 and also moves to suppress a written statement Peterson gave to the police after his arrest.

       Magistrate Judge Payson held a suppression hearing on two dates, February 17 and April 11, 2005, and thereafter issued a detailed 18-page Report and Recommendation.  In that Report and Recommendation, Magistrate Judge Payson made several rulings and recommended that the motion to suppress physical evidence be denied and that the motion to suppress statements also be denied. Peterson has timely filed objections to Magistrate Judge Payson's Report and Recommendation.

The principal objection raised on appeal and during proceedings before Magistrate Judge Payson is that there was no basis to justify issuance of a no-knock search warrant. The investigating officers, members of the Rochester Police Department, applied under state law for a so-called no-knock warrant which allowed them to enter the premise without first knocking or announcing their presence. The United States Supreme Court in *United States v. Ramirez,* 523 U.S. 65 (1998) has recognized that such no-knock warrants comport with the Fourth Amendment if there is a reasonable suspicion that such knocking and announcing would endanger the officers or lead to destruction of evidence.

Peterson claims here that there was insufficient particularized evidence before the issuing state judge to warrant such authorization. Magistrate Judge Payson concluded that although it was questionable as to whether there was a particularized showing as to dangerousness, there was evidence to justify the no-knock entry because of the nature of narcotics trafficking and the ease with which drugs can be secreted or destroyed. Magistrate Judge Payson reviewed the application and determined that there was sufficient evidence before the issuing state judge to make that determination. I agree.

Peterson claims that the application was essentially "boilerplate" language and that there was no particularized showing as to this particular residence. I agree with Magistrate Judge Payson that the affidavit in support of the warrant provided ample information, including multiple recent controlled purchases at the residence,.combined with the officers' opinion concerning the ease and speed with which such substances could be disposed and, therefore, provided sufficient basis to the state judge for issuance of the warrant.

Magistrate Judge Payson also determined that the motion to suppress should be denied based on good faith reliance under the principles enunciated in *United States v. Leon*, 468 U.S. 897 (1984). There is no evidence here that the issuing judge was misled or given false information and, therefore, *Leon* applies and precludes suppression of evidence.

I also agree with Magistrate Judge Payson that there is no basis to suppress the statements of Peterson. There was evidence at the suppression hearing concerning the officers' conduct during Peterson's interrogation and the circumstances surrounding the statement made by Peterson at the Public Safety Building. The testimony from the officers was that they provided Peterson with his full *Miranda* rights, he acknowledge understanding those rights, waived them and signed a statement concerning his involvement in the offenses. There was no testimony advanced by the defense to challenge or rebut the officers' version as to what occurred when Peterson gave his statement. On these facts, there is no basis whatsoever to suppress the statements because of any violation of the dictates of *Miranda*.

Peterson also claims that there was no basis to seize and arrest him. I disagree, as did Magistrate Judge Payson. The officers were essentially in pursuit of Peterson as they entered the residence. They observed a person moving as they attempted to execute the warrant and when no one was found after searching the entire premises, they went through a hole in the wall in Peterson's apartment to a neighbor's where they found Peterson hiding. I believe that the officers were entitled to pursue Peterson and once they found him, it was proper to detain him. It would have been a dereliction of their duty had they simply ignored this fleeing person, especially based on the observation of narcotics in plain view as they entered the apartment. The officers also had

information, of course, that there had been recent drug sales out of that apartment. The pursuit and detention of Peterson was reasonable under the circumstances as they developed and once there was a complete search of the apartment, there was more than ample cause to arrest Peterson.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson. Defendant's motions to suppress physical evidence and suppress a statement (Dkt. #12) are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 17, 2005.